IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION


| | | |
|---|---|---|
| MARIA LUIS SANDRIA SAQUI, et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. G-06-CV-590 |
| | § | |
| PRIDE INTERNATIONAL, INC., et al., | § § § | |
| | § | |
| Defendants. | § | |

**ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS AND DENYING N
PART AND GRANTING IN PART DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT**

This case involves the death of several Mexican nationals who were killed in an

explosion of a jack-up rig in the Gulf of Mexico.  Plaintiffs are the decedents' relatives.

Now before the Court are several Motions filed by Defendants Pride Offshore Inc., Pride

Offshore International, L.L.C., Pride International, Inc., Mexico Drilling Limited, L.L.C.,

and Pride Central America, L.L.C.  For the reasons outlined below, Defendants' Motion

to Dismiss for *Forum Non Conveniens* and Motion to Dismiss for Failure to State a

Claim are DENIED.  Defendants' Motion for Summary Judgment is **GRANTED IN**

**PART AND DENIED IN PART**.[1]

**I. Background**

On September 13, 2004, Christian Spinoso Sandria and Miguel Angel Barragan

Sandria ("Decedents"), both Mexican nationals, died when there was an explosion on the

---

[1] The Court does not consider this Order worthy of publication.  Accordingly, it has not requested and does not authorize publication.

jack-up drilling rig where they were working.  At the time of their death, Decedents were

both employed by Defendant Gulf of Mexico Personnel Services ("GOMPS"), a Mexican

corporation with its principal place of business in Mexico.  Decedents were working

aboard the *Pride Mississippi*, a mobile offshore drilling unit owned by Defendant Pride

Central America L.L.C. ("PCA").  At the time of the explosion, the *Pride Mississippi* was

drilling for oil and gas under a contract between PCA and Petroleos de Mexico

("Pemex"), the national oil corporation of Mexico.  GOMPS had a contract with PCA to

provide crewmembers for the rig.  According to Defendants, the *Pride Mississippi* was

located in waters overlaying the continental shelf of Mexico when the accident occurred.

## II.  Motion to Dismiss for *Forum Non Conveniens*

### A.  Legal Standard

The doctrine of *forum non conveniens* derives from the proposition that "[i]n rare

circumstances, federal courts can relinquish their jurisdiction in favor of another forum."

*Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 766, 116 S. Ct. 1712, 1724, 135 L. Ed.

2d 1 (1996).  Pursuant to this doctrine, a court may dismiss a case in favor of a foreign

forum if the defendant establishes that the convenience of the parties and the court,

coupled with the interests of justice, indicate that the lawsuit is better suited for

adjudication elsewhere.  *See Karim v. Finch Shipping Co.*, 265 F.3d 258, 268 (5th Cir.

2001).

Federal courts employ a two-part analysis when applying the *forum non*

*conveniens* doctrine in the international context.  *See Piper Aircraft v. Reyno*, 454 U.S.

235, 255-56, 102 S. Ct. 252, 265-66, 70 L. Ed. 2d 419 (1981).  The first step involves a

determination of whether an adequate and available foreign forum exists.  *See Sydow v.*

*Acheson & Co.*, 81 F. Supp. 2d 758, 768 (S.D. Tex. 2000).   Next, if an adequate

alternative forum is available, the court must decide whether "certain private and public

interest factors weigh in favor of dismissal."   *McLennan v. Am. Eurocopter Corp.*, 245

F.3d 403, 424 (5th Cir. 2001).   If the relevant private interest factors advocate dismissal,

however, no inquiry into the public interest factors is needed.   *See Baris v. Sulpicio Lines*,

932 F.2d 1540, 1550-51 (5th Cir. 2001).   While undertaking both steps of this analysis,

courts must remain mindful that "the central purpose of any *forum non conveniens*

inquiry is to ensure that the trial is convenient."   *Piper Aircraft*, 454 U.S. at 256, 102 S.

Ct. at 266; *see also Syndicate 420 at Lloyd's London v. Early Am. Ins. Co.*, 796 F.2d 821,

827 (5th Cir. 1986).

The private factors to be considered in a *forum non conveniens* analysis relate to

the convenience of the parties, and include: the relative ease of access to sources of proof;

availability of compulsory process for attendance of unwilling witnesses; the cost of

obtaining attendance of willing witnesses; the possibility of viewing the premises, if such

viewing would appropriate to the action; other practical problems that make a trial of a

case easy, expeditions, and inexpensive; the enforceability of the judgment; and whether

the plaintiff has sought to vex, harass, or oppress the defendant.   *See Karim*, 265 F.3d at

268 n.14 (citations omitted).   The "public interest" factors include: administrative

difficulties; reasonableness of imposing jury duty on the people of the community;

holding trial in the view of those affected; and the local interest in having localized

controversies decided at home.   *See id.*

### B.  Analysis

#### 1.  Available and Adequate Forum

Defendants argue that Mexico presents an adequate alternative forum for the adjudication of this dispute and that Mexican law allows for the redress of claims alleged by Plaintiffs.  An alternative forum is available to the plaintiff when the foreign court can assert jurisdiction over the litigation sought to be dismissed.  *See Piper*, 454 U.S. at 254 n.22, 102 S. Ct. at 265 n.22 (citation omitted) ("Ordinarily, [the requirement] will be satisfied when the defendant is amenable to process in the other jurisdiction.")  The alternative forum is adequate as long as the parties will be treated fairly and will not be deprived of all remedies there.  *See Sydow*, 81 F. Supp. 2d at 768; s*ee also Piper*, 454 U.S. at 254 n.22, 102 S. Ct. at 265 n.22.

The Parties hotly contest whether Mexico is an available forum for this dispute. Based on testimony from an international law professor and a Mexican law professor, Plaintiffs argue that Mexican courts would have no jurisdiction over this case. Specifically, Plaintiffs' evidence states that:

> The fact that the accident in question took place in the Mexican continental shelf and that it was there that people died, and that plaintiffs are Mexican nationals does not grant jurisdiction to Mexican courts.  This is due to the fact that there are several defendants and the plaintiffs chose the US Court.  Such choice, legally exercised by plaintiffs, preempts Mexican jurisdiction.

Pls.' Resp. at 5.

Defendants present the affidavit of an equally credible practitioner of Mexican law who comes to the exact opposite conclusion.  He argues that since this case involves a workplace injury, it would be handled by the Mexican Conciliation and Arbitration Boards and that these courts do not employ the doctrine of preemptive jurisdiction as

outlined by Plaintiffs' above.[2]  The Parties have presented equally plausible and arguable premises.  However, Defendants bear the burden of persuasion in a *forum non conveniens* analysis.  *See In re Air Crash Disaster Near New Orleans*, 821 F.2d 1147, 1162 (5th Cir. 1989) (en banc), *vacated by Pan Am. World Airways, Inc. v. Lopez*, 490 U.S. 1032, 109 S. Ct. 1928, 104 L. Ed. 2d 400 (1989), *reinstated except as to damages by Air Crash Disaster v. Pan Am. World Airways, Inc.*, 883 F.2d 17 (5th Cir. 1989) (en banc).  Since Defendants have failed to meet this burden, the Court must find that Mexico is not an available forum for this litigation.

Since Defendants have not carried their burden of showing the existence of an available foreign forum, their Motion to Dismiss for *Forum Non Conveniens* must be denied.

## III.  Motion to Dismiss for Failure to State a Claim

Defendants have moved for both summary judgment and dismissal for failure to state a claim on the same legal bases.  Specifically, Defendants argue that Plaintiffs' claims are barred by 46 U.S.C. App. § 688(b), which proscribes certain claims by foreign nationals engaged in oil and gas exploration or production.  Defendants also argue that this statute preempts all state law claims asserted by Plaintiffs.  Since all Parties have submitted materials outside the pleadings, the Motion is more appropriately treated as one for summary judgment, and the Court will proceed accordingly.  *See* Fed. R. Civ. P. 12(b)(6).

---

[2] Defendants state that even if Plaintiffs' statement of preemptive jurisdiction is correct, they will voluntarily submit to the jurisdiction of the Mexican courts.  However, the Parties cannot create jurisdiction where none exists merely by consenting to it.  The hypothetical Mexican court would likewise have to consent to an exercise of jurisdiction.  This Court obviously has no power over Mexican jurists and would no be able to assure Plaintiffs that they could continue in a Mexican court based on Defendants' consent.

### IV.  Motion for Summary Judgment

#### A.  Legal Standard

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552-53, 91 L. Ed. 2d. 265 (1986).   The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553.  The non-moving party must come forward with "specific facts showing there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).  "'If the movant bears the burden of proof on an issue. . . [it] must establish beyond peradventure *all* of the essential elements' of the claim or defense."  *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002) (citing *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1994 (5th Cir. 1986)).  The court must view all evidence in the light most favorable to the non-movant.  *See e.g., Broussard v. Parish of Orleans*, 318 F.3d 644, 650 (5th Cir. 2003).  If the evidence would permit a reasonable fact finder to find in favor of the non-moving party, summary judgment should not be granted.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

#### B.  Analysis

##### 1.  Federal Claims

46 U.S.C. App §688(b) states that:

(1)  No action may be maintained under subsection (a) of this section or under any other maritime law of the United States for maintenance and cure or for damages for the injury or death of a person who was not a citizen or permanent resident alien of the United States at the time of the incident giving rise to the action if the incident occurred—

(A) while that person was in the employ of an enterprise engaged in the exploration, development, or production of off-shore mineral or energy resources— including but not limited to drilling, mapping, surveying, diving, pipelaying, maintaining, repairing, constructing, or transporting supplies, equipment or personnel, but not including transporting those resources by a vessel constructed or adapted primarily to carry oil in bulk in the cargo spaces; and

(B) in the territorial waters or waters overlaying the continental shelf of a nation other than the United States, its territories, or possessions.  As used in this paragraph, the term "continental shelf" has the meaning stated in Article I of the 1958 Convention on the Continental Shelf.

(2)  The provisions of paragraph (1) of this subsection shall not be applicable if the person bringing the action establishes that no remedy was available to that person—

(A)   under the laws of the nation asserting jurisdiction over the area in which the incident occurred; or

(B)   under the laws of the nation in which, at the time of the incident, the person for whose injury or death a remedy is sought maintained citizenship or residency.

Defendants argue that Plaintiffs' case falls within the proscription of § 688(b)(1), while Plaintiffs argue that their case falls with the exception of § 688 (b)(2).

Section 688(b) "denies a Jones Act remedy and any other remedies under general maritime law to foreign seamen in the offshore drilling industry when they are injured in another country's territorial waters, unless neither the country where the injury occurred nor the seaman's home country provide any remedy." *Camejo v. Ocean Drilling &*

*Exploration*, 838 F.2d 1374, 1376-77 (5th Cir. 1988).  The summary judgment evidence

shows that the accident which killed the alien decedents occurred while decedents were

engaged in drilling for oil and gas in the continental shelf off the coast of Mexico, so §

688(b) clearly is at play.  The dispositive inquiry involves the application of § 688(b)(2).

Defendants offer two pieces of support for their argument that § 688(b)(2) is

inapplicable to this case, the Fifth Circuit case of *Gonzalez v. Chrysler Corp.*, 301 F.3d

377 (5th Cir. 2002) and an affidavit from Octavio Canton, a Mexican attorney.  Neither

of these provides support sufficient to justify summary judgment.

In the *Gonzalez* case, the Circuit held that "Mexico—despite its cap on

damages—represents an adequate alternative forum."  *Id.* at 378.  Additionally, the Court

held that Mexico's failure to recognize strict liability did not render it inadequate.  *Id.* at

381.  While the language and holding, taken in isolation, are clearly favorable to

Defendants' argument, they do not capture the entire analysis of the Circuit.  *Gonzalez*

was a products liability case involving an alleged airbag defect.  Mexico, the alternative

forum, offered a tort remedy for the alleged injury.  However, the plaintiffs would have

been subject to a more stringent liability standard and would have limited damage awards

available to them.  The Fifth Circuit held that the Mexican tort system was adequate

despite these differences, since "'the parties [would] not be deprived of all remedies or

treated unfairly, even though they may not enjoy the same benefits as they might receive

in an American court.'"  *Id.* at 379 (quoting *In re Air Crash*, 821 F.2d at 1165).

The *Gonzalez* court did not hold that the Mexican court system is an adequate

forum for **any** case.  It held that Mexico was an adequate forum for **that** case.  This case

is factually distinct from the controversy in *Gonzalez*, and a blanket application of the

holding in that case is inappropriate.  Specifically, the *Gonzalez* case does not speak to the remedies available to seamen injured while working offshore.

The affidavit of Octavio Canton is also insufficient to show that a Mexican remedy is available such that Plaintiffs claims are precluded by § 688(b)(1).  As Plaintiffs point out, the affidavit is largely conclusory.  To the extent that it is supported by legal citation, the affidavit does not show with specificity the Mexican remedies available to Plaintiffs.  In fact, Defendants note that the beneficiaries of workers who die in Mexico can claim benefits pursuant to federal labor law.  However, there is no evidence that these particular Plaintiffs would qualify as beneficiaries or that this particular accident would be covered since it did not occur "in Mexico."  Without a more convincing and conclusive exposition of the specific remedies available, the Court must find that Defendants have not proven that Plaintiffs are not entitled to the protections given by § 688(b)(2).  Accordingly, Plaintiffs can maintain their action in this Court.

### 2.  *State Law Claims*

Defendants argue that Plaintiffs' state law claims are preempted by § 688(b) and the Texas Supreme Court's decision in *Stier v. Reading & Bates Corp.*, 992 S.W.2d 423, 427 (Tex. 1999) (finding that "there is no room for state law to provide a greater remedy when the grant of that remedy would be contrary to the intent of Congress.") Specifically, they argue that if § 688(b) disallows any federal claims, it must also disallow any state-law claims.  The Court agrees with this reasoning, however, it has already determined that Plaintiffs have met the exception to § 688(b)(1), so the reasoning is inapplicable to this case, and Plaintiffs' state law claims survive this Motion for Summary Judgment.

### 3.  *Unrelated Defendants*

Defendants' final argument is that Plaintiffs have joined several related business entities that are uninvolved in events made the basis of this case.  Plaintiffs have offered no controverting evidence, so the Court accepts the argument that Defendants Pride International, Inc., Pride Offshore, Inc., Pride Offshore International, L.L.C., and Mexico Drilling, L.L.C. "did not own the rig in question in this case, did not employ any persons aboard it, and did not participate in or employ any persons involved in the operations that led to the accident giving rise to Plaintiffs' claims."  Accordingly, the claims against those Defendants **only** are **DISMISSED WITH PREJUDICE**.

## V.  Conclusion

For the reasons outlined above, Defendants' Motions to Dismiss are DENIED. Defendants' Motion for Summary Judgment is **GRANTED IN PART AND DENIED IN PART**.  The claims against Defendants Pride International, Inc., Pride Offshore, Inc., Pride Offshore International, L.L.C., and Mexico Drilling, L.L.C. are **DISMISSED WITH PREJUDICE**.  The Motion for Summary Judgment is **DENIED** in all other respects.  All Parties are to bear their own costs, expenses and attorneys' fees incurred herein to date.

**IT IS SO ORDERED.**

**DONE** this 14th day of February, 2007 at Galveston, Texas.

Samuel B. Kent
United States District Judge