IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MARIA LUISA SANRIA SAQUI, et al., | § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. G-06-CV-590 |
| PRIDE INTERNATIONAL, INC., et al., | § § § | |
| Defendants. | § | |

### ORDER DENYING DEFENDANT'S MOTION TO AMEND ORDER TO INCLUDE SECTION 1292(b) CERTIFICATION AND STAY PROCEEDINGS

This is a case involving the death of two Mexican citizens who were killed while working aboard a Pride drilling vessel. On February 14, 2007, this Court entered an Order Denying Defendant's Motion to Dismiss. Defendant Pride Central America, LLC has moved to amend that Order to include a § 1292(b) certification for interlocutory appeal. For the reasons outlined below, the Motion is **DENIED**.[1]

28 U.S.C. § 1292(b) allows a district judge to certify an otherwise not appealable Order for immediate appeal when the Order (1) involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b). The Court denied Defendant's Motion to Dismiss because the Jones Act provides a remedy for Plaintiffs and that a *forum non conveniens* dismissal is not warranted. The Court agrees with Defendant that the Order involves a controlling issue of law as to which there is substantial ground for difference of opinion. However, an immediate appeal for the Order will not

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

materially advance the ultimate termination of the litigation.  Trial in this case is set for August of this year, and a trial of this nature should not last more than a couple of days.  An interlocutory appeal would necessarily delay the ultimate resolution of this case by many months.  Since trial is fast approaching, and the outcome at trial may vitiate the need for an appeal by Defendant, an immediate appeal would only serve to delay justice.  Accordingly, Defendant's Motion is **DENIED**.

**IT IS SO ORDERED.**

**DONE** this 9th day of July, 2007 at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge